```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF NORTH CAROLINA
               CHARLOTTE DIVISION
                  3:10CV177-MU-02
```

| | |
|---|---|
| JAMES L. JACKSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|       v. ) | |
| ) | |
| DANATA STUDEL, Physician at ) | |
|   Central Prison; ) | |
|   stitution; and ) | |
| (FNU) ATWATERS, Physician at ) | |
|   Lanesboro Correctional In- ) | |
|   stitution; ) | |
| (FNU) HOUSE-WONG, Physician at) | |
|   Lanesboro Correctional In- ) | **O R D E R** |
|   stitutuion; ) | |
| PAULA SMITH, Director of ) | |
|   Health Services; ) | |
| (FNU) PUCCILEWSKY, Physician ) | |
|   at Central Prison; ) | |
| (FNU) HAIGWOOD, Head Psycholo-) | |
|   gist at Piedmont Correc- ) | |
|   tional Institution; and ) | |
| (FNU) KIRBY, Physician at ) | |
|   Lanesboro Correctional In- ) | |
|   stitution; ) | |
| ) | |
|     Defendants. ) | |
| _____) | |

    **THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. §1983, filed April 15, 2010 (Doc. No. 1).

    At the outset, the Court notes that it is authorized to conduct an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Having conducted such a review,

the Court has determined that Plaintiff's Complaint must be <u>dismissed</u>, without prejudice, for his failure to exhaust his administrative remedies for the claims set forth therein.

Plaintiff is an inmate at the Lanesboro Correctional Institution. (Doc. No. 1 at 2). Plaintiff's Complaint seems to be alleging that "since the time that he has been at Lanesboro Corr." Defendants have "made [him] undergo treatment" with several anti-psychotic medications; that the subject medications caused him to suffer gingivitis, a "bad spine," "neck complications," numbness in the arms and legs, and poor blood circulation; and that Defendants, particularly the doctors at Lanesboro, have been the hardest on him by "creat[ing] the most damaging Mental Health Profile and medical record in order to justify their efforts to "[abro]gate [his] rights [and] keep [him] subjugated while in prison . . . [,] to abort [his] gaining [his] release from N.C. prison control [and] to subject [him] to harmful influences/situations . . . ." (<u>Id</u>. at 4). Last, Plaintiff also alleges that on an unspecified occasion while he was taking one of those medications, he fell unconscious, hit his head and lost a tooth, and he sustained a gash for which he does not believe that he received adequate treatment. (<u>Id</u>.). By way of relief, Plaintiff asks the Court for "a substantial amount of money. . . ." (<u>Id</u>. at 8).

Critically, Plaintiff also has submitted a copy of the final decision of the Inmate Grievance Board. (Doc. No. 1-1). However, that decision addresses Plaintiff's grievance concerning his request for a transfer to another facility, but makes no mention of any of the allegations which Plaintiff is attempting to raise in the instant Complaint. (<u>Id</u>.).

The Prison Litigation Reform Act of 1995 mandates that "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, it is axiomatic that exhaustion is mandatory and unexhausted claims cannot be brought in federal court. <u>Woodford v. Ngo</u>, 548 U.S. 81, 85-89 (2006); <u>Booth v. Churner</u>, 532 U.S. 731, 741 (1001). A prisoner's failure to exhaust his administrative remedies is an affirmative defense; therefore, the prisoner does not have to specially plead or demonstrate exhaustion in his complaint. <u>Jones v. Bock</u>, 549 U.S. 199, 211-12 (2007). Nevertheless, a court may dismiss a prisoner § 1983 action on initial review when it is apparent from the face of the complaint that the prisoner has not exhausted administrative remedies. See <u>Anderson v. XYZ Correctional Health Services</u>, 407 F.3d 674, 678-83 (4th Cir. 2005) (noting that 42 U.S.C. § 1997(e)(c)(2) "clearly contemplates the dismissal on the

merits of some claims that have not been exhausted"; and that while failure to exhaust is an affirmative defense, that fact does not "foreclose in all cases the possibility of a sua sponte dismissal on exhaustion grounds.").

Plaintiff's Complaint along with the above-referenced attachment make it clear that the allegations which he is seeking to raise have not yet been exhausted. Notwithstanding the fact that Plaintiff submitted a copy of a grievance relating to a different issue, his Verified Statement on his Complaint form reports his belief that he does not have any administrative remedies relating to the instant claims because "[t]his cause of action arose at several N.C. prison[] facilities Units and [he is] now being housed at Lanesboro Corr. Facility . . . ; however, this assertion does not excuse Plaintiff's failure to exhaust for two reasons.

First, as another district court within this Circuit has observed, "[t]here is simply nothing in the PLRA, or the pertinent caselaw, which supports the plaintiff's assertion that a transfer to another facility necessarily renders his administrative efforts futile." Custer v. W.V. Northern Regional Jail, 2009 WL 1390817 (N.D. W.Va. May 15, 2009); see also Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002) ("The fact that [plaintiff] happened to be a prisoner in various

4

locations, and under the custody of different officials, does not affect his obligation to exhaust his administrative remedies before filing suit."); and Flournoy v. Schomig, 152 Fed. App'x 535, 537 (7th Cir. Oct. 25, 2005) (finding that a transfer of prisoner from one prison facility to another facility within the state did not render administrative remedies unavailable). Consequently, Plaintiff's failure to exhaust his remedies is not, as he supposes, excused by his transfer to a different facility.

Second, Plaintiff's claim that he could not exhaust his remedies is precluded by his own allegations. To be sure, although Plaintiff alleges that he was prescribed the harmful medications at other facilities, his Complaint alleges that such treatment actually was in addition to the harmful treatment and other problems which he reportedly has suffered at his current facility. Indeed, as was already noted, Plaintiff alleges that "since [he's] been here at Lanesboro Corr. they've had [him] on several of these psychocotic [sic] drugs over a period of time . . ."; that one such drug caused him to lose consciousness and injure himself; that the medical staff did not adequately treat him for an injury which he sustained in that fall; and that the doctors at Lanesboro allegedly have created the "most damaging" profiles and reports on him, all for the purpose of denying him his constitutional rights. (Id. at 4). Thus, it is quite

5

apparent that even if there is some reason to excuse Plaintiff's failure to exhaust his claims relating to treatment he received at other facilities, there is no reason why he could not have exhausted his remedies concerning the conditions which he reportedly experienced at Lanesboro. Ultimately, therefore, in the absence of such exhaustion, the Court cannot exercise jurisdiction over Plaintiff's claims. 42 U.S.C. § 1997e(a). Accordingly, the instant Complaint must be <u>dismissed</u> without prejudice.[1]

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That pursuant to 42 U.S.C. § 1997(e), the instant Complaint is **DISMISSED** without prejudice for Plaintiff's failure to exhaust his administrative remedies with respect to the claims raised therein; and

2. That the Clerk shall send a copy of this Order to Plaintiff.

---

[1] Notwithstanding the determination that Plaintiff's Complaint must be dismissed for lack of exhaustion, it has not escaped the Court's attention that Plaintiff already has sustained three dismissals for frivolousness/failure to state a constitutional claim for relief. <u>Jackson v. Matiko, et al</u>., 5:06-ct59-FL; <u>Jackson v. Easley, et al</u>., 3:06cv58-MU-1; <u>Jackson v. Cooper, et al.</u>, 3:10cv180-MU-3. The Court further notes that it is quite possible that if Plaintiff's claims actually had been fully exhausted and subject to a merits review, they still may have been subject to dismissal under the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>See</u> <u>Johnson v. Warner</u>, 200 Fed. App'x 270, 272 (4th Cir. Sept. 22, 2006) (discussing pleading requirements for surviving § 1915(g) review).

**SO ORDERED.**

Signed: April 26, 2010

Graham C. Mullen
United States District Judge